# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN S. ROUTT, | ) |
| | ) |
|       Plaintiff, | ) |
| | ) |
| vs. | )   Case No. 11-CV-466-JHP-PJC |
| | ) |
| NURSE HASTINGS; | ) |
| PHILLIP WASHBURN, | ) |
| | ) |
|       Defendants. | ) |

## OPINION AND ORDER

On July 27, 2011, Plaintiff, a prisoner appearing *pro se*, filed a 42 U.S.C. § 1983 civil rights complaint (Dkt. # 1), a motion for leave to proceed *in forma pauperis* (Dkt. # 2), and a "motion for an Emergency Order for Medical Treatment and/or Request for an Emergency Injunction" (Dkt. # 3). Plaintiff also submitted two (2) summonses and two (2) USM-285 Marshal service forms.

As an initial matter, the Court finds that after reviewing Plaintiff's motion for leave to proceed *in forma pauperis*, Plaintiff has been without funds in his institutional account(s) for the period immediately preceding the filing of the complaint and is currently without funds sufficient to prepay the $350 filing fee required to commence this action. Accordingly, the Court finds Plaintiff is entitled to proceed without prepayment of the filing fee, and his motion for leave to proceed *in forma pauperis* shall be granted. However, pursuant to 28 U.S.C. §1915(b)(1), Plaintiff shall be required to pay the full $350 filing fee as set forth hereafter.

Plaintiff shall make monthly payments of 20 percent of the preceding month's income credited to his institutional account(s) until he has paid the total filing fee of $350. 28 U.S.C. § 1915(b)(2). The Court will enter an order directing the agency having custody of Plaintiff to collect and forward such monthly payments to the Clerk of the Court each time the amount in the account

exceeds $10 until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2). Interference by Plaintiff in the submission of these funds shall result in the dismissal of this action.

Plaintiff is advised that notwithstanding any filing fee, or any portion thereof, that may have been paid, the Court shall dismiss at any time all or any part of such complaint which (1) is frivolous or malicious; (2) fails to state a claim on which relief can be granted; or (3) seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A, 1915(e). Plaintiff is further advised that such monthly payments will continue to be collected until full payment of the filing fee has been received by the Court even after disposition of the case and regardless of whether relief is granted or denied.

## *BACKGROUND*

Plaintiff is in custody at David L. Moss Criminal Justice Center, the facility serving as the Tulsa County Jail. Plaintiff states he is serving a one year sentence entered in Tulsa County District Court, CM-2009-1876, and that a jury trial has been set for October 17, 2011, on charges filed in Tulsa County District Court, Case No. CF-2011-0623. In the "Nature of Case" section of his complaint, Plaintiff writes: "I have tried to get medical attention for abscess on my kidney and was denied treatment because it's a pre-existing condition. I have filed two separate grievances and have received no answer." See Dkt. # 1. Plaintiff identifies two claims, as follows:

Count I: Denied medical treatment and access to medical treatment in violation of 8th and 14th Amendments.

Count II: Denied right to grievance process in violation of 1st and 14th Amendments.

Id. In his request for relief, Plaintiff asks for "compensatory damages: $2,000 a day for every day having to suffer from no medical treatment and $2,000 a day for every day the grievance go unanswered, punitive damages: one million dollars for each of the constitutional violations (two million total), an injunction in place to correct the constitutional violations." Id.

*ANALYSIS*

**A. Screening/Dismissal**

Federal courts must engage in a preliminary screening of cases in which prisoners seek redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). The court must identify any cognizable claim and dismiss any claim which is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2)(B), 1915A(b). To avoid dismissal for failure to state a claim under Fed. R. Civ. P. 12(b)(6), a complaint must present factual allegations, assumed to be true, that "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007). The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. A court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to the plaintiff. Id. at 555. However, "when the allegations in a complaint, however true, could not raise a [plausible] claim of entitlement to relief," the cause of action should be dismissed. Id. at 558.

A *pro se* plaintiff's complaint must be broadly construed under this standard. Erickson v. Pardus, 551 U.S. 89, 94 (2007); Haines v. Kerner, 404 U.S. 519, 520 (1972). The generous construction to be given the *pro se* litigant's allegations "does not relieve the plaintiff of the burden of alleging sufficient facts on which a recognized legal claim could be based." Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991). A reviewing court need not accept "mere conclusions characterizing pleaded facts." Bryson v. City of Edmond, 905 F.2d 1386, 1390 (10th Cir. 1990); see also Twombly, 550 U.S. at 555 ("While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the grounds of his

entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." (quotations and citations omitted)). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." Whitney v. New Mexico, 113 F.3d 1170, 1173-74 (10th Cir. 1997). The Court applies the same standard of review for dismissals under 28 U.S.C. § 1915(e)(2)(B)(ii) that is employed for Federal Rule of Civil Procedure 12(b)(6) motions to dismiss for failure to state a claim. Kay v. Bemis, 500 F.3d 1214, 1217-18 (10th Cir. 2007).

**B. Count II fails to state a claim and shall be dismissed**

In Count II of his complaint, Plaintiff alleges that he has been denied his "right to grievance process in violation of 1st and 14th Amendments." See Dkt. # 1. In support of this claim, Plaintiff alleges that on June 5, 2011, he filed a grievance for denial of access to health care. On June 9, 2011, Plaintiff received a response that "this will be given to provider for review -- closed no comment given." Id. Plaintiff states he appealed on June 10, 2011, but as of July 9, 2011, he had received no response. Id. Plaintiff states that on June 14, 2011, he filed a grievance "for violation of rights." As of July 9, 2011, he had not received a response. He complains that his grievances "are being ignored." Id.

The Tenth Circuit Court of Appeals has determined that prison grievance procedures do not create a protected liberty interest and, therefore, do not implicate a prisoner's due process rights under the Fourteenth Amendment. Murray v. Albany Cnty. Bd. of Cnty. Comm'rs, No. 99–8025, 2000 WL 472842, at *2 (10th Cir. Apr. 20, 2000) (unpublished)[1] ("[P]rison grievance procedures do not 'give rise to a protected liberty interest requiring the procedural protections envisioned by the fourteenth amendment.'"); Anderson v. Colorado Dep't of Corr., No. 98–1477, 1999 WL

---

[1]These and any other unpublished decisions are cited as persuasive authority pursuant to Tenth Circuit Rule 32.1.

387163, at *2 (10th Cir. June 14, 1999) (unpublished) (allegations relating to requirements of prison's grievance procedure do not create any liberty interest). As long as Plaintiff's right of access to the courts was not violated, the jail's grievance policy does not create any separate right that is cognizable in this federal civil rights proceeding. See Walters v. Corr. Corp. of Am,, No. 04–6067, 119 Fed. Appx. 190, 191 (10th Cir. Dec. 7, 2004) (unpublished) (as evidenced by the complaint before the court, any alleged denial of access to administrative grievance procedures has not resulted in a violation of constitutional right of access).

In this case, the claim asserted in Count II, based on grievances going unanswered, fails to state a claim upon which relief may be granted. For that reason, Count II shall be dismissed from this action.

**C. Service of complaint and motion for emergency medical care**

After completing an initial review of the claim asserted in Count I of the complaint, the Court finds that an investigation and Special Report are necessary to develop a record sufficient to ascertain whether there is a factual or legal basis for Plaintiff's claim. See Hall, 935 F.2d at 1109; Martinez v. Aaron, 570 F.2d 317, 319 (10th Cir. 1978). The Court further finds that Defendants shall respond to the "motion for an Emergency Order for Medical Treatment and/or Request for an Emergency Injunction."

Therefore, the Clerk shall issue the summonses provided by Plaintiff and deliver them, along with the USM-285s, two (2) copies of the complaint (Dkt. # 1), two (2) copies of the "motion for an Emergency Order for Medical Treatment and/or Request for an Emergency Injunction" (Dkt. # 3), and two (2) copies of this Order, to the U.S. Marshal for service on Defendants. Upon service, officials responsible for the agency involved in the civil rights violation alleged in Count I shall undertake a review of the subject matter of the complaint:

5

> (a) to ascertain the facts and circumstances;
>
> (b) to consider whether any action can and should be taken by the institution or other appropriate officials to resolve the subject matter of the complaint; and
>
> (c) to determine whether other like complaints, whether pending in this Court or elsewhere, are related to this complaint and should be taken up and considered together.

In conducting the review, a written report shall be compiled and filed with the Court. Authorization is granted to interview all witnesses including Plaintiff and appropriate officers of the agency. Wherever appropriate, medical or psychiatric examinations shall be made and included in the written report. Any rules and regulations pertinent to the subject matter of the complaint shall be included in the written report. The Special Report and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty days from the date of service. The Special Report made in the course of this investigation shall be filed as a separate document.

In addition, Defendants shall file a response to the "motion for an Emergency Order for Medical Treatment and/or Request for an Emergency Injunction" within fourteen (14) days of service. Plaintiff may file a reply within seven (7) days after Defendants file a response.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. # 2) is **granted**. Nonetheless, Plaintiff is responsible for payment of the full $350.00 filing fee in monthly installments as mandated by 28 U.S.C. § 1915(b).

2. Count II of the complaint is **dismissed** for failure to state a claim upon which relief may be granted.

3. The Clerk shall **issue** the summonses provided by Plaintiff and deliver them, along with the USM-285s, two (2) copies of the complaint (Dkt. # 1), two (2) copies of the "motion for an

Emergency Order for Medical Treatment and/or Request for an Emergency Injunction" (Dkt. # 3), and two (2) copies of this Order, to the U.S. Marshal for service.

4. The agency responsible for the civil rights violation alleged in Count I shall prepare a Special Report as directed herein.

5. **The Special Report and Defendants' answer(s) and/or dispositive motion(s) shall be filed no later than sixty days from the date of service.** The Special Report made in the course of this investigation shall be filed as a separate document.

6. No applications, motions, or discovery should be filed or considered until the steps set forth in this order have been completed, except as the Court further orders.

7. Should Defendants file a dispositive motion, Plaintiff shall file a **response** within twenty-one (21) days after the filing of Defendants' motion. **Failure to file a response could result in the entry of relief requested in the motion. See LCvR 7.2(e),(f).**

8. Defendants shall file a response to the "motion for an Emergency Order for Medical Treatment and/or Request for an Emergency Injunction" within fourteen (14) days of service. Plaintiff may file a reply within seven (7) days after Defendants file a response.

DATED THIS 29th day of July, 2011.

*(signature)*
James H. Payne
United States District Judge
Northern District of Oklahoma