### IN THE UNITED STATES DISTRICT COURT
### FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JOHN S. ROUTT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 11-CV-466-JHP-PJC |
| | ) |
| NURSE HASTINGS; | ) |
| PHILLIP WASHBURN, | ) |
| | ) |
| Defendants. | ) |

### OPINION AND ORDER

This is a 42 U.S.C. § 1983 civil rights action. Plaintiff appears *pro se* and is proceeding *in forma pauperis*. Before the Court is the motion for summary judgment (Dkt. # 35) filed by Defendants. By Order filed December 5, 2011 (Dkt. # 36), the Court directed Plaintiff to file a response to the motion for summary judgment. His response deadline was December 22, 2011. Id. Plaintiff was specifically advised that should he fail to file a response by the specified deadline, Defendants' motion may be deemed confessed. Id. The deadline has now passed and Plaintiff has failed to file a response to the motion for summary judgment.

Summary judgment pursuant to Fed. R. Civ. P. 56 is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Celotex Corp. v. Catrett, 477 U.S. 317, 322-23 (1986); Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250 (1986); Kendall v. Watkins, 998 F.2d 848, 850 (10th Cir. 1993). The plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial. Celotex, 477 U.S. at 317.

"Summary judgment is appropriate if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Kaul v. Stephan, 83 F.3d 1208, 1212 (10th Cir. 1996). "Summary judgment will not lie if the dispute about a material fact is 'genuine,' that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Durham v. Xerox Corp., 18 F.3d 836, 838-39 (10th Cir. 1994).

The only claim remaining[1] before the Court is Plaintiff's claim that while he was in custody at the Tulsa County Jail ("TCJ"), he was denied adequate medical care in violation of the constitution. See Dkt. # 1. Plaintiff alleges that he was denied medical care for an abscess on his kidney because it was a "pre-existing condition." Id. However, the record reflects that on August 7, 2011, after Plaintiff commenced this action, he was admitted to Hillcrest Medical Center for evaluation of his medical condition. See Dkt. # 8. On or about August 10, 2011, after being subjected to a battery of tests, Plaintiff was discharged from the hospital and returned to custody at TCJ. Id.

Even though Plaintiff has failed to respond to the motion for summary judgment, the Court must examine the record to determine if summary judgment is appropriate. Reed v. Bennett, 312 F.3d 1190, 1195 (10th Cir. 2002) (stating that "a party's failure to file a response to a summary judgment motion is not, by itself, a sufficient basis on which to enter judgment against the party"). As a result of Plaintiff's failure to respond, the material facts in Defendants' motion for summary judgment are deemed admitted. See LCvR 56.1(c) ("All material facts set forth in the statement of

---

[1] By Order filed July 29, 2011 (Dkt. # 4), the Court dismissed Count II of the complaint for failure to state a claim upon which relief may be granted.

the material facts of the movant shall be deemed admitted for the purpose of summary judgment unless specifically controverted by the statement of material facts of the opposing party."). The undisputed material facts contained in the summary judgment record, including the record provided in the Special Report (Dkt. # 25), prove that there is no genuine issue of material fact for trial as to Plaintiff's claim challenging the adequacy of medical care provided by Defendants.

The uncontroverted material facts demonstrate that Plaintiff received medical care during his stay at TCJ and that he suffered no adverse consequences from any treatment or any delay in treatment. Plaintiff has failed to make a showing sufficient to establish that Defendants were deliberately indifferent to his serious medical needs. Duffield v. Jackson, 545 F.3d 1234, 1238 (10th Cir. 2008) (citing Estelle v. Gamble, 429 U.S. 97, 104 (1976)); Serna v. Colorado Dep't of Corr., 455 F.3d 1146, 1151 (10th Cir. 2006); Green v. Branson, 108 F.3d 1296, 1302 (10th Cir. 1997) (stating that a plaintiff must show an "affirmative link" between each defendant and the constitutional deprivation); Olson v. Stotts, 9 F.3d 1475, 1477 (10th Cir. 1993). At most, Plaintiff differs with the medical judgment of the health care providers, believing that he should have received his treatment sooner than he did. Such a difference of opinion does satisfy constitutional standards. See Ramos v. Lamm, 639 F.2d 559, 575 (10th Cir. 1980). Furthermore, "delay in medical care can only constitute an Eighth Amendment violation if there has been deliberate indifference which results in substantial harm." Olson, 9 F.3d at 1477 (quoting Mendoza v. Lynaugh, 989 F.2d 191, 195 (5th Cir.1993)). Nothing in the record suggests that Plaintiff suffered "substantial harm" as a result of any delay in medical treatment. The uncontroverted material facts entitle Defendants to judgment as a matter of law.  Therefore, entry of summary judgment in favor of Defendants is appropriate and their motion shall be granted.

**ACCORDINGLY, IT IS HEREBY ORDERED that:**

1. Defendants' motion for summary judgment (Dkt. # 35) is **granted**.

2. A separate judgment in favor of Defendants shall be entered in this matter.

DATED THIS 1st day of February 2012.

James H. Payne
United States District Judge
Northern District of Oklahoma